# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM DAVID QUINN,** | : | CIVIL ACTION NO. 1:17-CV-1503 |
| Plaintiff | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | |
| **NANCY A. BERRYHILL,**[1] | : | |
| Defendant | : | |

## **ORDER**

AND NOW, this 28th day of September, 2018, upon consideration of the report (Doc. 12) of Magistrate Judge Joseph F. Saporito, Jr., recommending the court deny the appeal (Doc. 1) of William David Quinn ("Quinn") from the decision of the administrative law judge ("ALJ") denying Quinn's application for disability insurance benefits and supplemental security income, and the court noting that Quinn filed objections (Doc. 14) to the report, see FED. R. CIV. P. 72(b), and following *de novo* review of the contested portions of the report, see Behar v. Pa. Dep't of Transp., 791 F. Supp. 2d 383, 389 (M.D. Pa. 2011) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(C)), and applying a clear error standard of review to the uncontested portions, see Cruz v. Chater, 990 F. Supp. 375, 376-78 (M.D. Pa. 1999), the court being in agreement with Judge Saporito that the administrative law judge's decision "is supported by substantial evidence,"

---

[1] Due to the Federal Vacancies Reform Act, 5 U.S.C. § 3345 *et seq.*, former acting Commissioner of Social Security Nancy A. Berryhill is currently presiding as the Deputy Commissioner for Operations of the Social Security Administration. For consistency purposes, however, we continue to refer to Ms. Berryhill as "the Commissioner."

42 U.S.C. § 405(g); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001), and finding Judge Saporito's analysis to be thorough, well-reasoned, and fully supported by the record, and further finding Quinn's objections to be without merit and squarely addressed by the report,[2] it is hereby ORDERED that:

---

[2] Quinn argues that the magistrate judge failed to credit the professional medical opinion of the treating physician, Allister Williams, M.D. ("Dr. Williams") over the state agency non-treating physician, Catherine Smith, M.D. ("Dr. Smith"). (Doc. 14 at 2). As Quinn's treating physician and surgeon for several years, Dr. Williams' November 23, 2015 opinion would ordinarily be entitled to controlling weight if it was "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [wa]s not inconsistent with other substantial evidence" of record. See 20 C.F.R. § 404.1527(c)(2); see also Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (citations omitted). However, Dr. Williams' opinion was "supplied on a check box and fill in the blank form." (Doc. 8-2 at 74). Such forms "are weak evidence at best," even when prepared by a treating physician. Galette v. Comm'r Soc. Sec., 708 F. App'x 88, 91 (3d Cir. 2017) (nonprecedential) (quoting Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993)); Jackson v. Barnhart, 120 F. App'x 904, 906 (3d Cir. 2005) (nonprecedential). The use of a check box form alone is an insufficient basis for rejecting a treating source's opinion, but it may impact the proper weight assigned thereto. See Vargas v. Berryhill, No. 3:16-CV-2003, 2018 WL 1938312, at *6 (M.D. Pa. Mar. 13, 2018), report and recommendation adopted, 2018 WL 1932879 (M.D. Pa. Apr. 24, 2018); Carter v. Astrue, No. 4:CV-07-2257, 2008 WL 2704535, at *2 (M.D. Pa. July 8, 2008).

In support of his position, Quinn points to a series of Third Circuit district court cases that held that "it is error for an ALJ to assign less than controlling weight to an opinion rendered by a treating physician based only on one opinion from a non-treating, non-examining source who did not review a complete case record." Blum v. Berryhill, No. 3:16-CV-2281, 2017 WL 2463170, at *8 (M.D. Pa. June 7, 2017) (collecting cases); (see Doc. 14 at 2-3). We find these cases distinguishable from the circumstances *sub judice*. The ALJ carefully reviewed Dr. Williams' opinion—despite the fact that "no rationale [was] provided for much of the opinion"—and noted that "it is generally supported by the medical evidence of record." (Doc. 8-2 at 75); see Morales, 225 F.3d at 317 (citation omitted). The ALJ identified several portions of the opinion that found no support in the record. (Doc. 8-2 at 75). Notably, Quinn benefited from the ALJ's determination that the record contradicted Dr. Williams' opinion that Quinn did not have environmental limitations. (Id.) The ALJ did not use Dr. Smith's non-treating source opinion as a basis for assigning Dr. Williams' opinion less than controlling weight; rather, he appropriately evaluated both opinions in assigning each partial weight.

1. The report (Doc. 12) of Magistrate Judge Saporito is ADOPTED.

2. The Commissioner's decision denying Quinn's application for a period of disability insurance benefits and supplemental security income is AFFIRMED.

3. The Clerk of Court shall enter judgment in favor of the Commissioner and against Quinn as set forth in paragraph 2.

4. The Clerk of Court is directed to CLOSE this case.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania